**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| OS33, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-CV-2603 CAS |
| v. ) | |
| ) | |
| CENTURYLINK COMMUNICATIONS, ) | |
| L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This removed diversity matter is before the Court on plaintiff OS33's ("plaintiff" or "OS33") Motion for Leave to File a First Amended Complaint. Remaining defendant CenturyLink Communications, L.L.C. ("CenturyLink") opposes the motion. Plaintiff did not file a reply memorandum and the motion is ready for decision. For the following reasons, the motion for leave to amend will be granted in part and denied in part, and plaintiff will be ordered to submit a revised First Amended Complaint for filing.

**I. Background**

By Memorandum and Order dated May 17, 2018 (the "Order"), the Court granted in part and denied in part CenturyLink's motion to dismiss OS33's Petition for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P., and for failure to plead fraud with particularity pursuant to Rule 9(b). Shortly thereafter, plaintiff filed the instant motion for leave to amend, accompanied by a proposed First Amended Complaint that attempts to cure the pleading defects found by the Court.[1]

---

[1] CenturyLink filed consent motions for additional time to respond to the motion for leave to amend, which stated that the parties were attempting to settle the case and wished to minimize legal expenses. No settlement was achieved, and CenturyLink filed its opposition memorandum on August 31, 2018.

As detailed in the Order, OS33 and CenturyLink entered into a contract for cloud computing, hosting, and related services. OS33 asserted two claims in its state court Petition. In Count I, OS33 sought a declaratory judgment that (a) CenturyLink breached the parties' Agreement by changing the Service Term and Billing Commencement Dates for services without notice to OS33 whenever there was a change to an original Service Order; (b) CenturyLink breached the parties' Agreement because it lacked cause to terminate services it provided to OS33 after OS33 withdrew its request for early termination; (c) CenturyLink's claim for Early Termination Charges is improper based upon CenturyLink's breach of the parties' Agreement by terminating the services without cause and improperly changing the Service Terms without notice; and (d) OS33 does not owe any Early Termination Charges for services CenturyLink cancelled without cause. In Count II, OS33 asserted a claim of fraud based on CenturyLink's alleged breach of the parties' agreement by changing the Service Term and Billing Commencement Dates for services without notice to OS33 whenever there was a change to an original Service Order.

CenturyLink moved to dismiss OS33's Petition. The Court granted the motion to dismiss OS33's claims in Count I that CenturyLink breached the parties' agreement by changing the Service Term and Billing Commencement Dates for services without notice to OS33 whenever there was a change to an original Service Order. The Court denied the motion as to OS33's claims in Count I that CenturyLink breached the parties' agreement when it terminated services after OS33 withdrew its request for early termination. The Court also granted the motion to dismiss OS33's fraud claim in Count II, because it was based solely on the factual allegations underlying the breach of contract claims that were dismissed for failure to state a claim. The Court did not reach CenturyLink's other arguments for dismissal of the fraud claim.

OS33 now seeks to file an amended complaint to revive the dismissed claims. OS33's motion does not cite a procedural basis for the relief it seeks or discuss the appropriate legal standard. CenturyLink argues that OS33's motion should be denied because the proposed amendment is futile and would not survive a motion to dismiss, and because OS33 does not show good cause for the amendment under Rule 16(b), Fed. R. Civ. P.

**II. Legal Standard**

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Hillesheim v. Myron's Cards and Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (quoted case omitted).

It is well established, however, that a "motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." Kmak v. American Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017) (quoting Williams v. TESCO Servs., Inc., 719 F.3d 968, 977 (8th Cir. 2013)). "The primary measure of good cause is the movant's diligence." Id. (quoting Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014)). Courts generally do not consider prejudice to the nonmoving party if the party seeking leave to amend has not been diligent in meeting the case management order's deadlines. Id. (quoting Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)).

Here, the Case Management Order required that motions for leave to amend pleadings be filed by May 7, 2018. (Doc. 20.) CenturyLink's motion to dismiss was filed in December 2017, and

3

the Court issued the Order dismissing most of OS33's Petition on May 17, 2018. While the motion to dismiss was pending, OS33 chose to rest on its Petition and did not attempt to address the deficiencies identified by the motion, though it could have filed an amended pleading as a matter of course under Rule 15(a)(1)(B), Fed. R. Civ. P. OS33 sought leave to amend its complaint on May 21, 2018, four days after the Court's ruling. Although OS33's motion to amend was filed beyond the deadline for amending pleadings in the scheduling order, the Court in the exercise of its discretion will evaluate it under the standard of Rule 15(a), because the motion was filed only two weeks past the deadline and CenturyLink's challenge to the proposed amendment is based primarily on an assertion of futility.

"Futility is a valid basis for denying leave to amend." United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 822 (8th Cir. 2009). An amendment is futile if the proposed amended claim "could not withstand a motion to dismiss under Rule 12(b)(6)." Silva v. Metropolitan Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014) (citation omitted). "[A] party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an otherwise meritless claim." Plymouth Cnty., Iowa v. Merscorp, Inc., 774 F.3d 1155, 1160 (8th Cir. 2014) (cited case omitted).

**III. Discussion**

    A. Count I - Declaratory Judgment/Breach of Contract Claims

As previously stated, the Court dismissed OS33's claims in Count I that CenturyLink breached the parties' Agreement by (1) changing the Service Term and Billing Commencement Dates for services without notice to OS33 whenever there was a change to an original Service Order; and (2) failing to issue new written Service Orders and provide notice to OS33 when it changed Billing Commencement Dates. OS33 attempts to revive both of these claims.

*1. Plaintiff's Claim that CenturyLink Breached the Parties' Agreement by Improperly Restarting Billing Commencement Dates*

With respect to OS33's claim that CenturyLink's changes to Billing Commencement Dates breached the parties' Agreement, the Court concluded the Petition failed to state a claim because it only alleged facts showing that CenturyLink took actions it was authorized to take under the parties' Agreement; specifically, that CenturyLink established a new Billing Commencement Date whenever plaintiff submitted a Service Order for an upgraded or additional service. (Doc. 27 at 14.)

In the proposed Amended Complaint, OS33 alleges that when it would issue a new Service Order to upgrade an existing service, CenturyLink not only issued a new Billing Commencement Date for the new upgraded service, as was proper under the parties' Agreement, but also changed the Billing Commencement Date for the original service to match the Billing Commencement Date for the new service, and thereby improperly extended the term of the original service. OS33 alleges that as a result of this breach, CenturyLink subjected it to improperly increased Early Termination Charges under the parties' Agreement upon OS33's cancellation of any services before the end of the service term. (Doc. 30 at ¶¶ 29-30, p.5; ¶¶ 24-34, pp. 6-7.)[2]

CenturyLink's opposition memorandum does not discuss this aspect of OS33's proposed Amended Complaint. These factual allegations appear to cure the defects the Court previously found in OS33's claims based on CenturyLink's restarting of Billing Commencement Dates, and therefore the proposed Amended Complaint is not futile in this respect and amendment will be allowed.

---

[2]The proposed Amended Complaint contains some duplicate paragraph numbers, as it is sequentially numbered from paragraphs 1 to 30, but then repeats paragraph numbers 24 to 30 on pages 6 and 7.

*2. Plaintiff's Claim that CenturyLink Breached the Parties' Agreement by Failing to Issue a New Written Service Order and Provide Notice When Changing Billing Commencement Dates*

As to OS33's claim that CenturyLink breached the parties' Agreement by failing to issue a new written Service Order and provide notice when changing Billing Commencement Dates, the Court concluded the Petition failed to state a claim because its factual allegations concerning notice were "grounded exclusively on CenturyLink's alleged failure to issue written Service Orders, which the Agreement does not obligate CenturyLink to do." (Doc. 27 at 18.) Instead, the Agreement called for OS33 to issue written Service Orders. The Court also found that the "Agreement calls for CenturyLink to provide written notice of installation only under certain limited circumstances, none of which are pleaded in the [Petition.]" (Id.)

The operative paragraphs of the proposed Amended Complaint are similar to those of the Petition. The Petition alleged in pertinent part,

> 25. [CenturyLink] would further change the date of the Billing Commencement Date for calculating the Service Term without advising Plaintiff of this change, and without issuing a new written Service Order.
>
> 26. By failing to issue new Service Orders showing the Change in the Billing Commencement Date for the Service, [CenturyLink] made it impossible for Plaintiff to track the Service terms for the various Services which it requested [CenturyLink] to supply pursuant to [the] MSA.
>
> 27. Further, by failing to issue new Service Orders showing the Change in the Billing Commencement Date for the Service, Plaintiff never agreed in writing to any change in the Billing Commencement Date or Service Term regarding any Services provided by [CenturyLink].

(Pet. at 5.) The relevant portion of Count I's prayer for relief asked the Court to enter an order finding that:

> a. [CenturyLink] violated the MSA and Service Schedule between the parties by changing the Service Term and Billing Commencement Date's [sic] for services without notice to Plaintiff whenever there was [a] change to the original Service Order[.]

6

(Pet. at 7.)

> The proposed Amended Complaint is similar, and alleges:
>
> 34. [CenturyLink] made these changes to the Billing Commencement Dates of services without advising Plaintiff of these changes, and without issuing a new written Service Order as required for establishing a Billing Commencement Date.
>
> 35. By failing to issue new Service Orders showing the Change in the Billing Commencement Date for the Service, [CenturyLink] made it impossible for Plaintiff to track the Service terms for the various Services which it requested [CenturyLink] to supply pursuant to [the] MSA.
>
> 36. Further, by failing to issue new Service Orders showing the Change in the Billing Commencement Date for the Service, Plaintiff never agreed in writing to any change in the Billing Commencement Date or Service Term regarding any Services provided by [CenturyLink].

(Doc. 30 at 8.) Paragraphs 35 and 36 of the Amended Complaint are identical to paragraphs 24 and 25 of the Petition. The prayer for relief is also identical:

> a. [CenturyLink] violated the MSA and Service Schedule between the parties by changing the Service Term and Billing Commencement Date's [sic] for services without notice to Plaintiff whenever there was [a] change to the original Service Order[.]

(Doc. 30 at 10.)

OS33's proffered amendment does not cure the defects of the original Petition as to its claim that CenturyLink breached the parties' Agreement by failing to issue new written Service Orders and provide notice when changing Billing Commencement Dates. The Amended Complaint repeats the factual allegations that CenturyLink failed to issue Service Orders, although the parties' Agreement provides that OS33 is to issue Service Orders. The proposed amendment also does not add factual allegations that CenturyLink failed to provide written notice of installation under the limited circumstances specified in the parties' Agreement. As a result, OS33's proposed amendment is not supported by the terms of the parties' Agreement. The Court concludes that this aspect of

7

OS33's Amended Complaint is futile as it fails to state a claim upon which relief can be granted, and OS33 will not be permitted to amend this claim.

B. Count II – Fraud

The Court dismissed OS33's claim for common law fraud, which was based on CenturyLink's alleged breach of the parties' Agreement by changing the Service Term and Billing Commencement Dates for services without notice to OS33 whenever there was a change to an original Service Order, i.e., the same facts that formed the basis of part of Count I. The Court concluded OS33 failed to allege facts that plausibly stated a fraud claim under Missouri law, because the claim was based on the same conduct by CenturyLink that did not constitute a breach of the parties' Agreement.

OS33 reasserts a fraud claim in the proposed Amended Complaint. It incorporates the factual allegations of Count I and alleges that: (1) CenturyLink changed the Billing Commencement Dates for existing services without notice to OS33 "any time a change to the Service by new Service Order was made by the parties;" (2) this change altered the Service Term under the original Service Order; (3) CenturyLink knew in making this change that it was changing the date upon which any Service would end or auto-renew; (4) by making this change, CenturyLink was changing the terms of the Service Orders between the parties in violation of the parties' Agreement; (5) CenturyLink knew that the parties' Agreement did not allow the Service Terms to be changed, and only provided for Service Terms to be auto-renewed; (6) CenturyLink represented to OS33 the remaining terms for services which were cancelled based on the improperly altered changed dates; (7) CenturyLink made these representations with the intent that OS33 rely on them in paying Early Termination Charges; (8) CenturyLink knew that its representation of the Early Termination Charges due and owing was based on false and incorrect Service Term dates; (9) CenturyLink intended OS33 to rely

8

on its representations; and (1) OS33 did not know these representations were false when made, and OS33 relied on the representations. (Doc. 30, ¶¶ 47-57.)

CenturyLink argues that OS33's proposed fraud count fails to cure the pleading deficiencies previously identified by the Court, and alleges no facts supporting a claim for fraud based on CenturyLink's alleged failure to issue new written Service Orders or provide "notice" to OS33. CenturyLink also argues that Missouri's economic loss doctrine bars the fraud claim, and that OS33 fails to plead fraud with particularity as required by Rule 9(b), Fed. R. Civ. P. Because OS33 did not file a reply in support of its motion for leave to amend, CenturyLink's arguments are unopposed.

The elements of an action for fraud under Missouri law are: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury." Renaissance Leasing, LLC v. Vermeer Mfg. Corp., 322 S.W.3d 112, 131-32 (Mo. 2010) (en banc). A state law fraudulent misrepresentation claim must "comply with the heightened pleading standards of Rule 9(b), which require plaintiffs to plead 'the circumstances constituting fraud . . . with particularity.' Fed. R. Civ. P. 9(b)." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007).

As discussed above, OS33 has cured some of the pleading deficiencies in its declaratory judgment/breach of contract claim, those based on CenturyLink's alleged improper restarting of Billing Commencement Dates. The Court will therefore bypass CenturyLink's first argument and address its second, that the economic loss doctrine bars OS33's fraud claim.

Missouri "traditionally ha[s] restricted the availability of tort damages in cases alleging only economic loss." Children's Wish Found. Int'l, Inc. v. Mayer Hoffman McCann, P.C., 331 S.W.3d

648, 652 (Mo. 2011) (en banc). "Missouri prohibits a cause of action in tort where the losses are purely economic. '[R]ecovery in tort is limited to cases in which there has been "personal injury, or property damage either to property other than the property sold, or to the property sold when it [i]s rendered useless by some violent occurrence[.]"' Rockport Pharmacy, Inc. v. Digital Simplistics, Inc., 53 F.3d 195, 198 (8th Cir. 1995). "The mere existence of a contract does not give rise to a duty in tort." Id. (citing Business Men's Assurance Co. of America v. Graham, 891 S.W.2d 438, 453 (Mo. Ct. App. 1994)).

"The economic loss doctrine bars 'recovery of purely pecuniary losses in tort where the injury results from a breach of a contractual duty.'" Dubinsky v. Mermart, LLC, 595 F.3d 812, 819 (8th Cir. 2010) (quoting Zoltek Corp. v. Structural Polymer Group, Ltd., 2008 WL 4921611, at *3 (E.D. Mo. Nov. 13, 2008), aff'd on other grounds, 592 F.3d 893 (8th Cir. 2010)). The Eighth Circuit has explained, "A fraud claim independent of the contract is actionable, but it must be based upon a misrepresentation that was outside of or collateral to the contract, such as many claims of fraudulent inducement. That distinction has been drawn by courts applying traditional contract and tort remedy principles." AKA Distrib. Co. v. Whirlpool Corp., 137 F.3d 1083, 1086 (8th Cir. 1998) (cited cases omitted) (applying Minnesota law).

In Missouri, "A fraud claim is permitted only if it arises from acts that are separate and distinct from the contract." Dubinsky, 595 F.3d at 820 (quoting O'Neal v. Stifel, Nicolaus & Co., Inc., 996 S.W.2d 700, 702 (Mo. Ct. App. 1999)). Although the Missouri Supreme Court has not addressed the issue, the Eighth Circuit has predicted it would hold that the economic loss doctrine bars negligent misrepresentation claims. Dannix Painting, LLC v. Sherwin-Williams Co., 732 F.3d 902, 905-10 (8th Cir. 2013). This Court has predicted that the Missouri Supreme Court would require in an action "involving a commercial transaction between merchants, a fraud claim to recover economic losses must be independent of the contract or such claim would be precluded by

10

the economic loss doctrine." Self v. Equilon Enters., LLC, 2005 WL 3763533, at *11 (E.D. Mo. Mar. 30, 2005) (economic loss doctrine barred fraud claims that defendants breached pricing terms in the parties' supply agreement and interfered with contractual relationships, because the substance of these claims was for recovery of losses that arose from the parties' contractual relationship). Where a commercial plaintiff's claims for damages in a fraud claim "are not above and beyond any mere disappointed commercial expectations or desire to enjoy the benefit of the [parties'] agreements," the economic loss doctrine bars the claim. Id.

Numerous subsequent cases in this district have held that fraud claims are barred by the economic loss doctrine under Missouri law, unless they are independent of the contract. In Zoltek Corp., 2008 WL 4921611, at *4, the Court held the economic loss doctrine barred a fraud claim based on allegations the defendant falsely stated it would require the maximum quantity permissible under the parties' total requirements supply agreement, as the claim was "not outside or collateral to the [contract]." In Compass Bank v. Eager Road Associates, LLC, 922 F.Supp.2d 818 (E.D. Mo. 2013), the Court stated that two critical factors in examining whether a fraud claim is independent of a contract claim under the economic loss doctrine are (1) whether the subject matter of the alleged misrepresentations was incorporated into the parties' contract, and (2) whether the plaintiff suffered additional damages outside the contract as a result of the alleged fraud. Id. at 827 (citing AKA Distrib. Co., 137 F.3d at 1086). The Court held that the defendants' intentionally false statements indicating their intent to perform under a proposed settlement agreement resolving a state court real estate dispute were not sufficient to support a claim for fraudulent inducement, because the fraud claim was not independent of the contract claim as required by the economic loss doctrine, as the pre-contract misrepresentations became part of the final contract, and the plaintiff alleged no damages outside of what was due under the contract itself. Id. at 827-28.

In Trademark Medical, LLC v. Birchwood Laboratories, Inc., 22 F.Supp.3d 998 (E.D. Mo. 2014), the Court denied as futile the plaintiff's motion for leave to amend its complaint to add a fraudulent misrepresentation claim, concluding the economic loss doctrine barred the claim because it arose out of the same facts that served as the basis for the plaintiff's breach of warranty claims, and the plaintiff did not allege damages outside the contract as a result of the alleged fraud. Id. at 1003-04. See also Inspired Pharma Solutions, LLC v. 5MRX LLC, 2018 WL 659205, at *3-4 (E.D. Mo. Feb. 1, 2018) (dismissing fraudulent and negligent misrepresentation claims as barred by the economic loss doctrine where they occurred post-contract and concerned the defendants' intent to perform); and Flynn v. CTB, Inc., 2015 WL 5692299, at *11-12 (E.D. Mo. Sept. 28, 2015) (where fraud claim was based on the same set of facts that supported breach of warranty claims and did not assert damages outside of those recoverable on the warranty claims, it was barred by the economic loss doctrine).

Here, the substance of OS33's fraud claim is for the recovery of economic losses that arise solely out of CenturyLink's alleged breach of the parties' Agreement. OS33 incorporates the declaratory judgment/breach of contract allegations of Count I into the fraud claim in Count II, so the same facts support both claims and it is clear the subject matter of the alleged fraud was incorporated into the parties' Agreement. The only damages OS33 alleges are the incorrect imposition of Early Termination Charges under the Agreement, specifically that (1) CenturyLink improperly restarted Billing Commencement Dates when it should not have, thus increasing the Early Termination Charges OS33 owed, or (2) CenturyLink is not contractually entitled to any Early Termination Charges because it did not have cause to terminate after OS33 withdrew its early termination request. Although OS33 also prays for punitive damages, it does not allege that it suffered additional damages outside of the Agreement as a result of the alleged fraud.

Based on these factors, it is evident OS33's fraud claim is not independent of the parties' Agreement. Instead, it arises directly out of contractual duties and expectations and does not seek damages outside of the Agreement. The Court therefore concludes OS33's fraud claim fails to state a claim upon which relief can be granted, and it would be futile to allow OS33 to assert it in an amended pleading.

Morever, even if OS33's fraud claim were not barred by the economic loss doctrine, it fails for the final reason raised by CenturyLink, that it has not been pleaded with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Rule

> demands a higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.

United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). "Put another way, the complaint must identify the 'who, what, where, when and how' of the alleged fraud." Id.; see also Arthur v. Medtronic, Inc., 123 F.Supp.3d 1145, 1149 (E.D. Mo. 2015). The Eighth Circuit requires that a complaint "specify the time, place, and content of the defendant's false representations." Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC, 781 F.3d 1003, 1013 (8th Cir. 2015) (internal quotation omitted).

Here, OS33 alleges in conclusory terms that CenturyLink changed the Billing Commencement Dates for existing services in violation of the Agreement whenever OS33 issued a Service Order for new or upgraded, but it fails to provide the "who, what, where, when and how" of the alleged fraud. As a result, for this additional reason OS33's fraud claim fails to state a claim upon which relief can be granted, such that amendment would be futile.

## IV. Conclusion

For the foregoing reasons, the Court concludes that plaintiff OS33's motion for leave to file an amended complaint should be granted as to its declaratory judgment/breach of contract claim in Count I that CenturyLink breached the parties' agreement by improperly restarting billing commencement dates, but denied in all other respects.

Plaintiff committed filing error when it did not submit the proposed First Amended Complaint as an attachment to its motion for leave. Plaintiff must file a revised First Amended Complaint that (1) corrects the misnumbering of the complaint's paragraphs; (2) omits the paragraphs numbered 34, 35, and 36 on page 8 of the existing proposed First Amended Complaint; and (3) omits the fraud count, Count II.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff OS33's Motion for Leave to File a First Amended Complaint is **GRANTED in part** and **DENIED in part**; the motion is **GRANTED** as to plaintiff's declaratory judgment/breach of contract claim in Count I that CenturyLink breached the parties' agreement by improperly restarting billing commencement dates, and **DENIED** in all other respects. [Doc. 30]

**IT IS FURTHER ORDERED** that within seven (7) days of the date of this Memorandum and Order, plaintiff OS33 shall file its First Amended Complaint in compliance with the Court's instructions.

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of November, 2018.