UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OS33, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-CV-2603 CAS |
| v. ) | |
| ) | |
| CENTURYLINK COMMUNICATIONS, ) | |
| L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on remaining defendant CenturyLink Communications, L.L.C.'s ("CenturyLink") Waiver of Jury Trial and Motion for Non-Jury Trial Setting. Plaintiff OS33 did not respond to the motion and the time to do so has passed, so it is ready for decision. For the following reasons, the motion will be denied without prejudice.

**I. Background**

Plaintiff OS33 filed this declaratory judgment/breach of contract action in October 2017.[1] CenturyLink filed an answer and counterclaims in May 2018. Neither party made a demand for jury trial. The Court set this matter for jury trial in the Case Management Order issued January 10, 2018 (Doc. 20), and amended by Order dated October 19, 2018 (Doc. 42).

CenturyLink moves the Court to set this matter for a non-jury trial, based on a contractual waiver of the right to jury trial. CenturyLink cites section 11 of the Master Services Agreement between the parties, which states in pertinent part: "In the event of litigation, each party expressly waives its right to have its claims or defenses heard by a jury." (Doc. 14-1 at 3, § 11.)

---

[1] OS33 also asserted a fraud claim which was dismissed by Memorandum and Order of May 17, 2018 (Doc. 27). OS33's motion for leave to amend its complaint to reassert the fraud claim was denied by Memorandum and Order of November 20, 2018 (Doc. 46).

**II. Discussion**

In a diversity action, state law governs the rules for construing contractual agreements. Orion Fin. Corp. of S. Dak. v. American Foods Group, Inc., 281 F.3d 733, 738 (8th Cir. 2002). The parties agree that Missouri law governs this action.[2] In determining the scope of Missouri law, the Court is bound by the decisions of the Missouri Supreme Court. Taylor v. St. Louis County Bd. of Election Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010).

In Missouri, "The right to a trial by jury is constitutionally guaranteed." Malan Realty Investors, Inc. v. Harris, 953 S.W.2d 624, 625 (Mo. 1997) (en banc) (citing Mo. Const. art. I, section 22(a)). "The fundamental nature of a due process right to a jury trial demands that it be protected from an unknowing and involuntary waiver." Id. at 627. To determine whether a contractual jury waiver is valid, the court must "determine whether the waiver was knowingly and voluntarily or intelligently made." Id. "Such a waiver provision will never be implied but must be clearly and explicitly stated." Id. "To effectively waive a jury trial by contract, clear, unambiguous, unmistakable, and conspicuous language is required." Id. In determining the issue of knowing and voluntary waiver, "courts also look to the circumstances surrounding the waiver, such as the 'negotiability of the contract terms, disparity in bargaining power between the parties, the business acumen of the party opposing the waiver, and the conspicuousness of the jury waiver provision,' as well as whether the party had signed the waiver after consulting an attorney." U. S. Bank Nat'l Ass'n v. Canny, 2011 WL 226965, at *4 (E.D. Mo. Jan. 24, 2011) (quoting Malan, 953 S.W.2d at 627).

CenturyLink asserts in its motion that "[b]oth parties agree" OS33's declaratory judgment claim "is subject to this jury-trial waiver." Mot. at 1, ¶ 4. CenturyLink states that OS33's counsel

---

[2]See Master Services Agreement (Doc 14-1 at 3, § 11).

2

declined to stipulate to the jury trial waiver solely on the basis of its then-pending motion for leave to file an amended fraud claim. Id., ¶ 5. The motion was not jointly filed, however, and it is not accompanied by an affidavit of counsel, copies of correspondence or email between counsel, or other factual support.

The contractual provision at issue states as follows:

> **11. Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of Missouri, without regard to principles for resolving conflicts of law. In the event of litigation, each party expressly waives its right to have its claims or defenses heard by a jury.

Master Service Agreement (Doc. 14-1 at 3).

The language of the jury waiver sentence appears to be clear, but the Court cannot say it is conspicuous. The jury waiver is contained in a paragraph of the Master Services Agreement titled "Governing Law," with no reference to the jury waiver in the bold print paragraph title. The paragraph is located approximately halfway through the five-page Agreement, and is followed by seven more numbered paragraphs. The sentence that waives the parties' right to a jury trial is the second sentence in the paragraph and is not emphasized in any way, for example by being underlined, in bold print, in all capital letters, or in a font larger than the rest of the text. Cf. Canny, 2011 WL 226965, at *4 (jury trial waiver was presented in separate paragraph containing one relatively short sentence, in bold, and written in all capital letters immediately preceding signature pages). In addition, CenturyLink offers no argument or evidence concerning the circumstances surrounding the jury waiver. The Court notes it is undisputed that CenturyLink was not originally a party to the Master Services Agreement, but instead is a successor in interest to Savvis Communications Corporation thereunder.

3

**III. Conclusion**

On the record presently before it, the Court finds that the jury waiver is not conspicuous, and that there is no basis from which it may "determine whether the waiver was knowingly and voluntarily or intelligently made." See Malan, 953 S.W.2d at 627. The motion will therefore be denied without prejudice. The parties may file a stipulation for waiver of a jury trial based on the contractual provision now that the Court has denied leave for OS33 to reassert its fraud claim, or CenturyLink may renew its motion and provide a factual basis from which the Court may determine whether the waiver was knowingly and voluntarily or intelligently made.

Accordingly,

**IT IS HEREBY ORDERED** that defendant CenturyLink Communications, L.L.C.'s Waiver of Jury Trial and Motion for Non-Jury Trial Setting is **DENIED** without prejudice. [Doc. 45]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of November, 2018.